# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 27, 2015 Session

## STATE OF TENNESSEE v. ANTHONY JOHN SILVA

**Appeal from the Circuit Court for Williamson County**
**No. CR108360      Deanna B. Johnson, Judge**

---

**No. M2015-00121-CCA-R3-CD – Filed March 3, 2016**

---

D. KELLY THOMAS, JR., dissenting.

I respectfully dissent from the majority's holding that the evidence preponderates against the findings of the trial court, thereby finding the Defendant's warrantless arrest was sufficiently supported by probable cause. I agree with the trial court that the facts and circumstances known to the officer at the time of the arrest were not sufficient to lead a prudent person to believe that the Defendant committed or was committing a DUI offense.

Tennessee Code Annotated section 55-10-401 describes a DUI offense and states that it is unlawful for a person to drive while:

> [u]nder the influence of an intoxicant . . . that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of oneself that the driver would otherwise possess.

In the present case, the officer did not have sufficient probable cause to arrest the Defendant for a DUI offense because the evidence did not indicate the Defendant was deprived of clearness of mind or the ability to control himself. See Tenn. Code Ann. § 55-10-401. In reference to warrantless DUI arrests, in State v. Bell, 429 S.W.3d 524, 531 (Tenn. 2014), our Supreme Court further explained that the determination of probable cause "requires careful consideration of the significance of [the defendant's] performance on the field sobriety tests against the background of the other circumstances surrounding his arrest."

Here, the Defendant's success on the field sobriety tests is so significant that the officer lacked probable cause to arrest him. At 2:36 a.m., the Defendant was driving 46 miles per hour in a 35 miles per hour zone, and the officer flashed his lights to have the

Defendant stop his car. While pulling over, the Defendant maintained his lane of traffic without swerving. After stopping the Defendant, the officer observed that the Defendant had bloodshot eyes, and his car smelled of alcohol. The Defendant admitted to consuming three beers earlier in the evening. However, the Defendant successfully pulled his car over on the side of the road, his speech was clear, and he cooperated with the officer. The officer then proceeded to conduct a battery of field sobriety tests, the results of which indicated the Defendant was not mentally or physically impaired by an intoxicant. See Tenn. Code. Ann. § 55-10-401. Additionally, the Defendant maintained his balance throughout the encounter. Weighing the "facts and circumstances within the knowledge of the office[r], and of which [he] had reasonably trustworthy information" a prudent person would not believe the Defendant had committed a DUI offense. Bell, 429 S.W.3d at 530.

The majority relies upon Bell and State v. Marvin Roscoe, No. W2013-01714-CCA-R9-CD, 2014 WL 3511041, at *4 (Tenn. Crim. App. July 11, 2014), to support its conclusion that regardless of the Defendant's performance on the field sobriety tests, the officer had probable cause to arrest the Defendant. Bell is distinguishable from the present case in several ways. In Bell, the defendant's driving on the wrong side of a divided highway indicated he did not have clearness of mind or control of himself in violation of Tennessee Code Annotated section 55-10-401. This erratic driving, combined with the defendant's admission to "consuming more [alcohol] than he should have" and the smell of alcohol coming from his person, further support a finding that the defendant was driving while he was mentally and physically impaired as a result of his alcohol consumption. Bell, 429 S.W.3d at 535. The officer administered several field sobriety tests, the results of which were in dispute and not so significant as to outweigh the previously established evidence. Id. Therefore, the defendant's performance was not significant enough to outweigh the previously established probable cause. Id.

In Roscoe, a panel of this court concluded that an officer had probable cause for a DUI arrest when the defendant ran a stop sign, gave off a strong odor of alcohol, and admitted having consumed three or four beers. State v. Marvin Roscoe, No. W2013-01714-CCA-R9CD, 2014 WL 3511041, at *4 (Tenn. Crim. App. July 11, 2014). In addition to these circumstances, the defendant had slurred speech, stumbled when walking, and failed a series of sobriety tests. Id. at *1. Also, the officer discovered a glass of brandy and an empty bottle of wine in the defendant's car. Id. There was a clear indication that the defendant was both mentally and physically impaired due to an intoxicant. See Tenn. Code. Ann. § 55-10-401. Given the totality of the circumstances in

that case, the officer had probable cause to arrest the defendant for DUI. <u>See</u> <u>Bell</u>, 429 S.W.3d at 531.

Finally, as a matter of policy, an officer must weigh all of the evidence gathered while investigating a DUI to perform a true totality of the circumstances test. Not weighing the success of the field sobriety tests against the previously gathered evidence would render the field sobriety tests irrelevant or solely performed to confirm probable cause. Police officers in Tennessee regularly utilize field sobriety tests to assess the level of intoxication of an individual. <u>Tennessee Handbook Series</u>, DUI: Crime and Conseq. in Tenn. § 5:11 (2015-2016 ed.). If these tests indicate that an individual being tested is not intoxicated, then this evidence should weigh against a finding of probable cause for DUI.

In sum, the present case is clearly distinguishable from both <u>Bell</u> and <u>Roscoe</u>. After the initial stop and the officer's observations regarding the Defendant's bloodshot eyes and the smell of alcohol, the Defendant's behavior and performance on the field sobriety tests demonstrated he was mentally and physically sound. <u>See</u> Tenn. Code. Ann. § 55-10-401. Thus, a consideration of all these circumstances indicated that the defendant was not intoxicated. Considering the totality of the circumstances, I agree with the trial court that the arrest for DUI was not supported by probable cause. Accordingly, I would affirm the trial court's order granting the motion to suppress.

_____
D. KELLY THOMAS, JR., JUDGE